UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X
ARIEL DAVIS,

                Plaintiff,

    -against-

TOWN OF HEMPSTEAD and
MARK BONILLA, individually,

                Defendants.
───────────────────────────────────X

FILED
CLERK
3/19/2019 4:32 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
14-CV-903 (JMA) (GRB)

**AZRACK, United States District Judge:**

Plaintiff Ariel Davis ("Plaintiff") commenced this action against defendants the Town of Hempstead (the "Town") and Mark Bonilla ("Bonilla") on February 11, 2014. (ECF No. 1.) The Town and Plaintiff filed cross-motions for summary judgment which I referred to Magistrate Judge Brown for a report and recommendation on November 11, 2018. (See ECF Nos. 59–71.)[1] The parties subsequently consented to have Judge Brown enter a final order as to the cross-motions for summary judgment. Accordingly, on November 26, 2018, the cross-motions for summary judgment were referred to Judge Brown to conduct all proceedings and enter a final order. (ECF No. 76.)

Judge Brown issued a Memorandum and Order on January 16, 2019 granting the Town's motion for summary judgment regarding all of Plaintiff's federal claims, denying Plaintiff's cross-motion, and declining to exercise supplemental jurisdiction over any state law claims. (ECF No. 77.) Judge Brown also issued a *sua sponte* report and recommendation (the "R&R") recommending that the Court dismiss all of Plaintiff's federal claims against Bonilla, and decline

---

[1] Bonilla did not file his own motion for summary judgment, but did file an opposition to the Town's motion. (See ECF Nos. 58, 65.)

to exercise supplemental jurisdiction over any state law claims. (Id. at 16–17.) Bonilla initially objected to the R&R, but has since filed a motion to withdraw his objection. (ECF Nos. 81, 82, 84.) The Court grants Bonilla's motion to withdraw (ECF No. 84), and treats Judge Brown's R&R as unopposed.

In reviewing a magistrate judge's report and recommendation, the Court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

As there are no objections to any portion of the R&R, I have reviewed it for clear error and I agree with Judge Brown's comprehensive and well-reasoned R&R as to Plaintiff's claims against Bonilla. Accordingly, I adopt Judge Brown's R&R in its entirety as the opinion of the Court. The Court dismisses all of Plaintiff's federal claims against Bonilla and declines to exercise supplemental jurisdiction over any state law claims.

The Clerk of Court is directed to enter judgement in accordance with Judge Brown's Memorandum and Opinion, and this Order, and close this case.

**SO ORDERED.**
Dated: March 19, 2019
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
